Exhibit A

## VERIFICATION

I, Nicholas A. Bender, am counsel of record for Stillwater Insurance Company, the removing party in the action entitled *Lange v. Stillwater Insurance Company*. By and through this document, I hereby verify and attest to the fact that the accompanying documents attached to the Notice of Removal as Exhibit A are true and complete copies of all pleadings and other documents filed in the State Court Proceeding.

Dated: November 19, 2014

Nicholas A. Bender
SANDERS & PARKS, P.C.
3030 North Third Street, Suite 1300
Phoenix, Arizona  85012
(602) 532-5769 (d)
(602) 532-5700 (f)
*Attorney for Stillwater Insurance Company*



**SCHAUB LAW FIRM, PLLC**
1755 S. Val Vista Drive, Ste. 200
Mesa, AZ 85204
Phone: (480) 744-6550
Fax: (480) 717-4041
Email: chad@schaubfirm.com
**Chad A. Schaub [SBN 030226]**
*Attorney for Plaintiff*

1
2
3
4
5
6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

7
8
9

| | |
|---|---|
| JANICE LANGE, ) | Case No.   CV2014-095579 |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| STILLWATER INSURANCE COMPANY ) | |
| F/N/A FIDELITY NATIONAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

10
11
12
13
14
15
16
17
18

**COMES NOW** Janice Lange (hereinafter "Plaintiff"), and complains of Defendant,

Stillwater Insurance Company F/N/A Fidelity National Insurance Company (hereinafter

"Defendant"). In support of her claims and causes of action, and pursuant to Ariz. R. Civ.

P. 8, Plaintiff shall respectfully show the Court as follows:

### NATURE OF THE CASE

1)        This matter revolves largely around a first party insurance dispute regarding

the extent of damages and amount of loss suffered to the Plaintiff's property (the

"Property") in this matter.  In addition to seeking economic and penalty based damages

19
20
21
22
23
24
25
26
27
28

from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case, as well as diminution in the value of the Property.

2)      Plaintiff owns the Property, which is located at 1904 W. Cortez Cir., Chandler, AZ 85224.

3)      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property for losses due to storm-related damage.

4)      Specifically, on or around March 8, 2013, the Property suffered incredible damage due to storm related conditions.

5)      In the aftermath, Plaintiff relied on Defendant to help begin the repair and refurbishment process. By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

6)      Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, her residential policy covered the Property during the time period in question.

7)      Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

8)      Moreover, Defendant has failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

9)      In the months following, Plaintiff provided information to Defendant, as well as opportunities for Defendant to inspect the Property. However, Defendant failed to

-2-

conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim and failed to timely and properly report and make recommendations with regard to Plaintiff's claims.

10) Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and systematic premium payments to the Defendant. Regardless, Defendant failed and refused to respond to such inquiries, and failed to properly adjust the claim and her losses. As a result, to this date, Plaintiff has not received proper payment for her claim.

11) Defendant has also failed to reasonably justify the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made, and did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy. In addition, Defendant has failed to affirm or deny coverage within a reasonable time period. Plaintiff has also not received timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

12) Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy that Plaintiff paid for, even though it was Defendant that failed to conduct

-3-

a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

13)     At day's end, Defendant has failed to meet its obligations under the Arizona Insurance Code regarding timely acknowledgment of Plaintiff's claim, timely beginning of an investigation of Plaintiff's claim, and timely requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

14)     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Defendant. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as from Defendant's overall unfair refusal to pay insurance benefits.

15)     Based upon the above, and as indicated below, Plaintiff seeks relief under the common law, Arizona Revised Statutes, and the Arizona Insurance Code.

## JURISDICTION AND VENUE

16)     This Court has jurisdiction to hear Plaintiff's claims under Arizona law and Arizona statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper pursuant to A.R.S. § 12-401, as all or a substantial part of the events giving rise to this suit occurred within the city of Chandler, in Maricopa County, Arizona.

-4-

## PARTIES

17)   Plaintiff is an individual whose residence is located at the City of Chandler, Maricopa County, Arizona

18)   Defendant, Stillwater Insurance Company F/N/A Fidelity National Insurance Company, is a corporation engaged in the business of adjusting insurance claims. This includes Plaintiff's residential policy number NP5-000064362 relating to claim number 462163, which applies to the Plaintiff's residence, and is at issue in the present case. Defendant may be served by served through its Registered Agent, Arizona Department of Insurance, Director of Insurance, at its address 2910 North 44th Street, 2nd Floor, Suite 210, Phoenix, AZ 85018 or wherever it may be found.

## AGENCY

19)   All acts by Defendant were undertaken and completed by their officers, agents, servants, employees, or representatives. Such were either done with the full authorization or ratification of Defendant or were completed in their normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

20)   Plaintiff hereby incorporates all above paragraphs as if fully set forth herein.

21)   Defendant had and owed a legal duty to Plaintiff to properly adjust the structural damage and other insurance losses associated with the Property. Defendant breached this duty in a number of ways, including but not limited to the following:

   a) Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's property loss;

b) Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiff's residence; and

c) Defendant failed to properly complete all adjusting activities associated with Plaintiff.

22)     Defendant's acts, omissions or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**COUNT I**
**BREACH OF CONTRACT**

23)     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24)     According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claim made due to the extensive damages caused by storm-related conditions.

25)     As a result of the above, Plaintiff suffered extreme structural damage to the Property.

26)     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's property, as well as for related losses, including diminution in value of the Property. As a result of this breach, Plaintiff has suffered actual and consequential damages.

WHEREFORE, the Plaintiff prays the Court enter judgment in its favor and against Defendant for breach of contract, award them compensation in an amount

that will fully and fairly compensate it for the injuries caused by Defendant's breach, and grant all other relief just and proper in the circumstances.

### COUNT II
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; BAD FAITH

27)     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

28)     Plaintiff has a duty under Arizona law, implied in all insurance contracts, to deal in good faith with its insureds, including the Plaintiff.

29)     By its acts, omissions, failures and conduct, Defendant has breached its duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

30)     Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiff's damages.

WHEREFORE, the Plaintiff prays the Court enter judgment in its favor and against Defendant for bad faith, and for breach of good faith and fair dealing, award it compensation in an amount that will fully and fairly compensate Plaintiff for the injuries caused by Defendant's breach, award punitive damages in an amount sufficient

-7-

to punish Defendant for its conduct, and to deter Defendant and others from like conduct in the future, and grant all other relief just and proper under the circumstances giving rise to this litigation.

## COUNT III
## BREACH OF FIDUCIARY DUTY

31)    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32)    Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff.  Defendant breached that fiduciary duty in that:

a)  The underlying between the parties transaction was not fair and equitable to Plaintiff;

b)  Defendant did not make reasonable use of the confidence that Plaintiff placed with it;

c)  Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d)  Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e)  Defendant placed itself in a position where its' self-interest might conflict with its' obligations as a fiduciary; and

f)  Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

33)    Defendant is liable for Plaintiff's damages for breach of referenced duties, as such damages were objectively caused by Defendant's conduct.

## COUNT IV

-8-

## UNFAIR AND DECEPTIVE ACTS

34)     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

35)     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures and related conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance.

36)     Such violations include, without limitation, all the conduct described in this Original Complaint, plus Defendant's failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims, as well as Defendant's failure to pay for the proper repair of Plaintiff's property, as to which Defendant's liability had become reasonably clear.

37)     Additional violations include Defendant's hiring of and reliance upon biased adjusters or engineers, designed to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's damages, and other related claims.  Plaintiff further includes Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt in its investigation, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

a)  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b)  Engaging in unfair claims settlement practices;

-9-

c) Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

e) Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; or

f) Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

38) Defendant has also breached its duty of good faith and fair dealing. Defendant's conduct, as described herein, has resulted in Plaintiff's damages that are also described in this Original Complaint.

## COUNT V
## MISREPRESENTATION

39) Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

40) Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions or limitations within her policy. Moreover, such misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff, who in fact relied on the misrepresentations to its' detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the property, loss of use of the property, diminution in value of the Property,

-10-

1    mental anguish and attorney's fees.  Defendant is liable for these actual, consequential

2    and penalty-based damages.

3
                                    **COUNT VI**
4                            **WAIVER AND ESTOPPEL**

5
6    41)      .   Plaintiff hereby incorporates by reference all facts and circumstances set

7        forth under the foregoing paragraphs.

8    42)          Defendant has waived and is estopped from asserting any defenses,
9
     conditions, exclusions or exceptions to coverage not contained in any Reservation of
10
11   Rights or denial letters to Plaintiff

12                                   **COUNT VII**
13                        **UNFAIR PRACTICES AND FRAUDS**

14   43)          Plaintiff herby incorporates by reference all facts and circumstances set

15   forth under the foregoing paragraphs.
16
17   44)          The Arizona Insurance Code expressly prohibits certain unfair settlement

18   practices as they relate to claims by insured parties or beneficiaries of insurance

19   policies. Based upon Defendants' conduct to date, they have likely committed the
20
     following false, misleading and deceptive acts and prohibited practices in violation of
21
22   certain provisions of the Arizona Insurance Code:

23           a)  Engaging in trade practices which constitute an unfair or deceptive act or
24               practice in the business of insurance;

25           b)  Misrepresenting pertinent facts or insurance policy provisions relating to
26               coverages at issue;

27
             c)  Failing  to  acknowledge  and  act  reasonably  and  promptly  upon
28               communications with respect to claims arising under an insurance policy;

-11-

d) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under an insurance policy;

e) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

f) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

g) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

h) As a property or casualty insurer, failing to recognize a valid assignment of claim;

i) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds;

j) Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

k) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

l) Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which the payments are being made;

m) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than that amount awarded in arbitration;

n) Delaying the investigation or payment of claims by requiring an insured, a claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

o) Failing to promptly settle claims if liability has become reasonably clear under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and

p) Failing to properly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

## COUNT VIII
## TIMELY PAYMENT OF CLAIMS

45)     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

46)     The Timely Payment of Claims Statute provided in the Arizona Insurance Code imposes certain deadlines for an insurance company to acknowledge, investigate and accept or reject the claim. Specifically A.R.S. §20.462 states, "any first party claim not paid within thirty days after the receipt of an acceptable proof of loss by the insurer which contains all the information necessary for claim adjudication shall be required to pay interest at the legal rate from the date the claim is received by the insurer. The interest shall be calculated on the amount the insurer is legally obligated to pay according to the terms of the insurance contract under which the claim is being submitted.

47)     Additionally, insurance companies must request from the claimant all items, statements and forms that the insurance company reasonably believes will be required from claimant. Multiple requests may be permitted when reasonably necessary, but multiple, incremental and meaningless requests are an absolute violation of statute.

-13-

48)     At this point in time, Defendants are clearly barred from claiming that it has not received all information relevant to evaluating Plaintiff's claim. Moreover, Defendants have made no offer to settle for an amount that reasonably reflects the value of Plaintiff's loss. Finally, no valid reason was given for the actions taken by Defendants, as outlined above.

**COUNT IX**
**ARIZONA CONSUMER FRAUD ACT; §§44-1521 THROUGH §§44-1534**

49)     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

50)     Section 22-1522 of the Arizona Revised Statutes states, "The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission or any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

51)     Based upon the actions by Defendants described above, we believe we can show Defendants engaged in actionable fraud regarding the administration of and claims handling of Plaintiff's insurance policy. Plaintiff relied on Defendants' misrepresentations, and that as a result, Plaintiff sustained consequent and proximate damage.

**COUNT X**

-14-

## NEGLIGENCE, COMMON LAW FRAUD, MISREPRESENTATION & NONDISCLOSURE

52) Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

53) As Defendant knows, when a claim is made under an insurance policy, the insured party may feel that the coverage provided by the insurance company is less than what was represented or promised to them by the insurance company or its agent at the time of sale. If an insurance company or its agent promises one thing and then fails or refuses to fulfill that promise, it can be held liable for negligence, fraud, misrepresentation, and/or nondisclosure.

54) Insurance companies and its agents have an obligation to clearly and fully disclose any limitation or exclusions and then later use them as a reason for denying a claim by the insured, it may be liable under Arizona Law. These rules exist to protect insured parties from the unfair or negligent practices of insurance companies.

## DAMAGES

55) Defendants' acts have been the producing and proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court. This includes structural damage to the Property, as well as its diminution in value.

## ATTORNEY FEES

56) In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees in this matter.

## JURY DEMAND

-15-

57)     Plaintiff demands a jury trial on all triable matters.

**PRAYER**

58)     Plaintiff prays that Judgment be entered against Defendant, and that Plaintiff be awarded all of its actual damages, consequential damages, compensatory damages, punitive damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within this Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendants, and for all such other relief to which Plaintiff may be justly entitled.

DATED this _____ day of September, 2014.

**RESPECTFULLY SUBMITTED,**

**SCHAUB LAW FIRM, PLLC**

Chad A. Schaub
Arizona Bar No. 030226
1755 S. Val Vista Drive, Ste. 200
Mesa, AZ 85204
(P) 480-744-6550
(F) 480-717-4041
chad@schaubfirm.com
*Attorney for Plaintiff*

-16-

**SCHAUB LAW FIRM, PLLC**
1755 S. Val Vista Drive, Ste. 200
Mesa, AZ 85204
Phone: (480) 744-6550
Fax: (480) 717-4041
Email: chad@schaubfirm.com
**Chad A. Schaub [SBN 030226]**
*Attorney for Plaintiff*

STATE OF ARIZONA
DEPT. OF INSURANCE

OCT 1 5 2014
TIME 11:30 AM
SERVICE OF PROCESS

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| JANICE LANGE, | Case No. **CV2014-095579** |
| Plaintiff, | **SUMMONS** |
| vs. | |
| STILLWATER INSURANCE COMPANY F/N/A FIDELITY NATIONAL INSURANCE COMPANY, | IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION. |
| Defendants. | |

**THE STATE OF ARIZONA TO THE DEFENDANTS:**

STILLWATER INSURANCE COMPANY F/N/A FIDELTIY NATIONAL INSURANCE COMPANY

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona-whether by direct service, by registered or certified mail, or by publication-you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete exclusive of the day of service. Where process is serviced upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after the date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the dates of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is

-1-

complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS Section 20-222, 28-502, 28-503.**

**REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(D); ARS Section 12-311; RCP 5.**

The name and address of plaintiff's attorney is:

Chad A. Schaub
Schaub Law Firm, PLLC
1755 S. Val Vista Drive, Suite 200
Mesa, AZ 85204

SIGNED AND SEALED this date _____

Clerk ~~COPY~~

By: _____ SEP 1 ~ 2014

Deputy Clerk MICHAEL K. JEANES, CLERK
R. MAXWELL
DEPUTY CLERK

-2-

**S SCHAUB LAW FIRM, PLLC**
1755 S. Val Vista Drive, Ste. 200
Mesa, AZ 85204
Phone: (480) 744-6550
Fax: (480) 717-4041
Email: chad@schaubfirm.com
**Chad A. Schaub [SBN 030226]**
*Attorney for Plaintiff*

COPY

SEP 1ᵗ 2014

MICHAEL K. JEANES, CLERK
R. MAXWELL
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANICE LANGE, | Case No. **CV2014-095579** |
| Plaintiff, | **COMPLAINT** |
| vs. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| STILLWATER INSURANCE COMPANY F/N/A FIDELITY NATIONAL INSURANCE COMPANY, | |
| Defendants. | |

The undersigned certifies that the largest award sought by the Plaintiff(s), including punitive damages, but excluding interest, attorneys' fees, and costs exceeds the limit set by Local Rule for compulsory arbitration. This case is NOT subject to the Uniform Rules of Procedure for Arbitration.

DATED this 15th day of September, 2014.

SCHAUB LAW FIRM, PLLC

Chad A. Schaub
1755 S. Val Vista Drive, Suite 200
Mesa, AZ 85204

-1-

Attorney for Plaintiffs

1

2   Copy of the foregoing mailed
3   This ___ day of September, 2014 to:

4   Civil Court Administration
5   Maricopa County Superior Court
    201 W. Jefferson
6   Phoenix, Arizona 85003

7

8   By: _____
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**SCHAUB LAW FIRM, PLLC**
1755 S. Val Vista Drive, Ste. 200
Mesa, AZ 85204
Phone: (480) 744-6550
Fax: (480) 717-4041
Email: chad@schaubfirm.com
**Chad A. Schaub [SBN 030226]**
*Attorney for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANICE LANGE, | Case No. CV2014-095579 |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| STILLWATER INSURANCE COMPANY F/N/A FIDELITY NATIONAL INSURANCE COMPANY, | |
| Defendants. | |

Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, demand is hereby made for trial by jury of all issues in the above-entitled action.

DATED this 29th day of September, 2014.

SCHAUB LAW FIRM, PLLC

/s/ Chad A. Schaub

Chad A. Schaub
1755 S. Val Vista Drive, Suite 200
Mesa, AZ 85204
Attorney for Plaintiffs

-1-